JOHN WHITSKY v. THE CHICAGO & GRAND TRUNK RAILWAY
CO.

*Railroad crossing—Ditch along track—Not required to be covered full width
of highway—Under How. Stat. sec. 3377.*

Where, in a suit to recover the value of an ox killed on a highway
crossing by the cars of defendant, it appeared that defendant's
railroad was fenced at said crossing, and furnished with cattle-
guards, and that its alleged negligence consisted in its failure to
cover a ditch running along its track and across the highway, and
which it had bridged at said crossing, but not to the full width of
the highway,—

*Held,* that there is nothing in the statute [1] requiring a railroad com-
pany to cover such ditches the full width of the highway.

Error to St. Clair. (Stevens, J.) Argued June 17, 1886.
Decided July 1, 1886.

Case. Plaintiff brings errror. Affirmed. The facts are
stated in the opinion.

*Charles K. Dodge* and *John M. Kane,* for appellant:

Where the justice fails to return all the testimony on *cer-
tiorari,* the appellate court will not review or reverse the
judgment below, but it will be presumed that there was
evidence to support it: *Gaines v. Betts,* 2 Doug. 98 ; *Berry
v. Lowe,* 10 Mich. 8 ; *Hyde v. Nelson,* 11 Id. 353 ; *Welch v.
Bagg,* 12 Id. 41 ; *Parsons v. Dickinson,* 23 Id. 57 ; *Over-
pack v. Ruggles,* 27 Id. 65 ; *Smoke v. Jones,* 35 Id. 409 ; *M.
& P. R. M. Co. v. Morgan,* 41 Id. 296 ; *Rawson v. Mc-
Elvaine,* 49 Id. 194 ; *Erie Preserving Co. v. Witherspoon,*
Id. 377.

Where, as in this case, the testimony is not reduced to
writing, and the justice certifies that he is unable to return
the whole testimony, the presumption before stated obtains,
and the justice's judgment should be sustained: *Gray v.
Willcox,* 56 Mich. 58.

*L. C. Stanley,* for defendant:

It was the duty of defendant to convey away the water at

---

[1] See How. Stat. § 3377.

the crossing, and it was under no obligation to cover the ditches constructed for that purpose more than was done, as shown in this case. Uncovered ditches are incidental to every right of way and to nearly every crossing.

If the return had shown the facts and excluded presumptions in aid of the case, the judgment would certainly have been reversed : *Cicotte v. Morse*, 8 Mich. 428 ; *Berry v. Lowe*, 10 Id. 15 ; *Chicago & Canada Sou. Ry. Co. v. Peters*, 45 Id. 636 ; *Chicago & G. T. Ry. Co. v. Campbell*, 47 Id. 265.

The New York rule is similar *(Nicoll v. Dunlap*, 2 Johns. 195 ; *Van Valkenburgh v. Evertson*, 13 Wend. 76), even though all the evidence be not expressly returned ( *Wightman v. Clapp*, 2 Cow. 517).

All of the testimony is expressly set out in the affidavit for the writ, and the return does not contradict it as thus given, or discredit the affidavit, though plaintiff's attorney could lawfully have aided in drawing the return : *Hunter v. Graves*, 4 Cow. 537.

The affidavit is statutory, and required to be returned to the circuit court : How. Stat. § 7041.

If it fails to correctly state the evidence, the burden is on the plaintiff to show the fact in the return : *Vansciver v. Bolton*, 2 Dall. (Penn.) 114.

Where it is apparent from the face of the record that additional facts not returned could not aid the case, no presumption will be indulged for the want of them : Id. ; *Ehel v. Smith*, 3 Caines, 187 ; *Wightman v. Clapp*, 2 Cow. 517.

The summons and declaration sound in tort and claim $300 damages or under. There was therefore no jurisdiction to render judgment, the test being the process, not the judgment : *Henderson v. Desborough*, 28 Mich. 170 ; and the defect is not waived by appearance and plea : *Clark v. Holmes*, 1 Doug. 390 ; *Moore v. Ellis*, 18 Mich. 77 ; *Low v. Rice*, 8 Johns. 409 ; *Coffin v. Tracy*, 3 Caines, 129 ; *Dudley v. Mayhew*, 3 N. Y. 9 ; nor by the failure to urge it earlier : *Smith v. Smith*, 13 Mich. 258 ; *Atty. Gen. v. Moliter*, 26 Id. 448 ; *Gillett v. Needham*, 37 Id. 148 ; *Palmer v. Lorillard*, 16 Johns. 348 ; *Campbell v. Stakes*, 2 Wend. 148.

If made at the circuit it could not have been obviated : *People v. White*, 24 Wend. 520.

SHERWOOD, J. This is an action on the case, brought by the plaintiff for the value of an ox alleged to have been killed by the defendant's cars upon a highway crossing.

The cause was commenced and tried before a justice of the peace, where the plaintiff obtained a judgment for $75 damages, and $10 costs.

The cause was then removed by the defendant to the circuit court for the county of St. Clair, where the same was heard upon *certiorari*, before Judge Stevens, and the judgment of the justice was reversed, and the plaintiff brings that judgment into this court for review.

The plaintiff's declaration was in writing, and as follows:

"John Whitsky, the above-named plaintiff, complains of the Chicago & Grand Trunk Railway Company, defendant herein, said defendant having been duly summoned to answer said plaintiff in a plea of trespass on the case.

"For that whereas, heretofore, to wit, on the seventeenth day of June, A. D. 1882, the said defendant, a corporation organized under the laws of the State of Michigan, owning and operating a railroad in and through the township of Kimball, in said county of St. Clair, having neglected to construct and maintain proper fences, culverts, cattle-guards, and drains on the sides of said railway, and at the highway and street crossings within said township of Kimball, and within St. Clair county, Michigan, as required by the law, and as are sufficient to prevent cattle and other animals from getting on said railroad; and by reason of such neglect and carelessness of such defendant, and without any fault of the above-named plaintiff, one ox, the property of this plaintiff, got on the track of said railway, and was run over and killed by the locomotive and cars of said railway company, to the damage of the said plaintiff in the sum of three hundred dollars, and therefore he brings suit."

The defendant pleaded the general issue. Upon the trial three witnesses were sworn on the part of the plaintiff. The defendant offered no testimony.

The affidavit made by the defendant's attorney, who tried the cause, to obtain the writ, purports to give the substance of all the testimony and proceedings had on the trial before the magistrate.

The return of the justice is very brief, and was twice amended under orders made by the circuit judge requiring the same, and in his last return the justice says:

"I have heretofore returned the proofs and testimony in the case as well as I could do it, * * * and I cannot say I have returned all of the testimony, or the substance of all of it, · * * * as I did not take it all down."

In his first return he says the affidavit of the defendant's attorney does not state all the testimony in the case, as he then remembered, but does not say what is therein stated is incorrect.

The return shows, however, two rulings on the admission of testimony objected to by defendant's counsel, and exceptions taken, one of which we think was clearly erroneous.

The testimony, as it appears in the record, shows that the defendant's railroad was fenced at the crossing, and furnished with cattle-guards, and that the alleged neglect of the company actually relied upon for recovery was not that stated in the declaration, but its failure to cover a ditch running across the highway along its track, either side of the bridge crossing the ditch for the wagon track.

The ditch contained running water, and was constructed for the purpose of preventing an overflow of the track, and was covered with a suitable bridge for highway purposes. It was with reference to this bridge, and the failure to cover the ditch on either side of it in the highway, that one of the questions propounded by plaintiff's counsel to witness John Jahn was objected to. The question is as follows:

" Did you ever complain to the section boss that this highway crossing was a nuisance?" The objection was that it was incompetent and immaterial. The witness was permitted to answer, "I told the section boss it was a harbor for cattle, and he had better fix it. He said he had nothing to do with it."

The defendant's exception was well taken. There is nothing in the statute requiring the defendant to cover such ditches the full width of the highway, neither does it appear that any such covering at the place referred to was necessary for any purpose. So far as the record shows, these cattle were running at large in the highway, and that, if any injury occurred to the plaintiff's animal, it was not through any fault or neglect of the defendant.

The error noted rendered a reversal of the judgment given by the justice necessary; and whether or not the other errors relied upon can be considered upon the record we do not care to discuss.

The judgment of the circuit court was correct, and must be affirmed.

The other Justices concurred.